UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>DOLPHIN TECHNOLOGY, INC.,<br><br>　　　　　Defendant. | Case No. 21-cv-06207-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE, AND SCHEDULING HEARING ON PLAINTIFF'S REQUEST FOR EXPEDITED DISCOVERY**<br><br>Docket No. 9 |

　　　　Plaintiff Synopsys, Inc. has filed suit against Defendant Dolphin Technology, Inc. for violation of the Digital Millennium Copyright Act ("DMCA") and copyright infringement. Soon after filing its complaint, Synopsys moved for a temporary restraining order, an order to show cause regarding a preliminary injunction, and an order requiring expedited discovery.

　　　　The Court hereby **DENIES** the request for a TRO and an order to show cause. At this juncture, Synopsys has not made an adequate showing that it would likely suffer irreparable injury without a TRO and/or that the balancing of hardships tips sharply in its favor. Remedies available at law, such as monetary damages, would appear to be adequate to compensate for any injury to Synopsys. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). In its papers, Synopsys claims irreparable injury based on (1) harm to goodwill; (2) negotiating leverage; (3) the cost of piracy; and (4) interference with exclusive rights. The Court is skeptical of the first two injuries for the reasons stated by Judge Koh in her decision denying Synopsys's motion for a TRO

1  in *Synopsys, Inc. v. Innogrit Corp.*, No. C-19-2082 LHK (N.D. Cal.) (Docket No. 16).[1] Although
2  the cost of piracy and interference with exclusive rights present closer calls, it is debatable whether
3  that injury is irreparable, particularly in light of Synopsys's admission that it has been on notice of
4  misconduct by Dolphin since June. *See* Kelly Decl. ¶ 10.

        Although the Court thus denies the request for a TRO and an order to show cause, the Court notes that it is not precluding Synopsys from filing a fully noticed motion for a preliminary injunction in the future. In addition, the Court shall set Synopsys's request for expedited discovery on shortened time. Specifically, a hearing shall be held on this request on **August 27, 2021, at 1:00 p.m.** Dolphin's opposition to the request for expedited discovery shall be filed by **12:00 Noon, August 25, 2021**.

        Synopsys is ordered to immediately serve a copy of this order on Dolphin and to file a declaration (1) certifying service and (2) describing how service was effected. Synopsys is advised that the notice it gave Dolphin of the *ex parte* motion was not adequate. Dolphin is a customer of Synopsys; therefore, the Court expects that there are many Dolphin employees to whom Synopsys can reach out to give notice and/or to assist getting notice to the right people, and not just Dolphin's formal agent for service of process.

**IT IS SO ORDERED**.

Dated: August 17, 2021

                                                   EDWARD M. CHEN
                                                   United States District Judge

---

[1] In its papers, Synopsys misleadingly suggested that Judge Koh had granted its request for a TRO. *See* Mot. at 1. The Court forewarns Synopsys that it will not tolerate such conduct in the future. It is true that Judge Koh granted Synopsys some relief – *i.e.*, expedited discovery. However, she clearly denied the request for a TRO.

        The Court also acknowledges that Judge Koh later granted Synopsys a preliminary injunction. *See Synopsys*, No. C-19-2082 LHK (Docket No. 48). However, that relief was granted after a fuller record had been developed; furthermore, Judge Koh did not find irreparable injury based on harm to goodwill or negotiating leverage.